UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**BLAKE TAYLOR,**

   Movant,

v.　　　　　　　　　　　　　　　　　　No. 4:24-cv-0842-P
　　　　　　　　　　　　　　　　　　　　(No. 4:18-cr-0231-P)
**UNITED STATES OF AMERICA,**

   Respondent.

## OPINION AND ORDER

Came on for consideration the motion of Blake Taylor, Movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The Court, having considered the motion, the response, the reply, the record, and applicable authorities, concludes that the motion must be **DENIED**.

## BACKGROUND

The record in the underlying criminal case reflects the following:

On September 19, 2018, Movant was named in a two-count indictment charging him in count one with attempted bank robbery, in violation of 18 U.S.C. §§ 2113(a), 2113(d), and 2, and in count two with using, carrying, brandishing, and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). CR ECF No.[1] 25. Movant initially entered a plea of not guilty. CR ECF No. 30. He later signed a factual resume, CR ECF No. 39, and entered a plea of guilty to both counts. CR ECF No. 38. The factual resume set forth the maximum penalties Movant faced, the elements of each offense charged in the indictment, and the stipulated facts establishing that Movant had committed each offense. CR ECF No. 39. At rearraignment on November 2, 2018, Movant testified under oath that: he understood the charges against him; he read, understood, and discussed the factual

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:18-cr-0231-P.

resume with counsel before signing it; he understood the elements of each offense charged and he committed all of them; he understood that he faced a term of imprisonment of 25 years as to count one and a term of imprisonment of at least ten years and as much as life as to count two of the indictment; he was fully satisfied with his counsel; no one had used any force or made any promise or assurance to induce him to plead guilty; and, his plea was voluntary. CR ECF No. 85.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level as to count one was 20. CR ECF No. 48, ¶ 22. He received a two-level enhancement for the taking of property of a financial institution, *id.* ¶ 23, a six-level enhancement because a victim sustained permanent or life-threatening bodily injury, *id.* ¶ 25 and a two-level enhancement for recruiting his co-defendant to participate in the robbery. *Id.* ¶ 27.  He received a two-level and a one-level adjustment for acceptance of responsibility. *Id.* ¶¶ 31, 32. Based on a total offense level of 27 and a criminal history category of IV, Movant's guideline imprisonment range was 135 to 168 months. *Id.* ¶ 86. Movant filed objections to the PSR, CR ECF No. 52, and the probation officer prepared an addendum correcting the guideline imprisonment range to 100 to 125 months. CR ECF No. 58. The Court gave notice that it believed the objections to be without merit, that Movant should not receive acceptance of responsibility because of his frivolous denial that there was evidence establishing his leadership role in the offense, and that a sentence significantly above the top of the advisory guideline range would be appropriate. CR ECF No. 74.

The Court sentenced Movant to a term of imprisonment of 180 months as to count one to be followed by a term of imprisonment of 360 months as to count two, for a total of 540 months. CR ECF No. 80. Movant appealed. CR ECF No. 82. The United States Court of Appeals for the Fifth Circuit affirmed the convictions and sentences. *United States v. Taylor*, 844 F. App'x 705 (5th Cir. 2021). The United States Supreme Court vacated the judgment and remanded for further consideration. *Taylor v. United States*, 142 S. Ct. 2862 (2022). The Fifth Circuit again affirmed the judgment. *United States v. Taylor*, No. 19-10261, 2023 WL 4118572 (5th Cir. June 22, 2023). Movant's petition for

2

writ of certiorari was denied. *Taylor v. United States*, 144 S. Ct. 364 (2023).

## GROUNDS OF THE MOTION

Movant urges three grounds in support of his motion. First, his rights under the Fifth and Sixth Amendments were violated because a jury did not decide the elements of his 924(c) conviction. ECF No.[2] 1 at 7. Second, he was denied effective assistance of counsel. *Id.* And, third, attempted bank robbery is no longer a crime of violence. *Id.*

## APPLICABLE LEGAL STANDARDS

### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517–18 (5th Cir. 1978)).

---

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action.

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, a movant must show that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## ANALYSIS

In support of his first ground, Movant refers to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013), to argue that his 30-year sentence for violation of § 924(c) violated his constitutional rights because the "elements" were not submitted to a jury. ECF No. 2 at 1. Virtually any fact that increases a prescribed range of punishment must be found by a jury "or freely admitted in a guilty plea." *Erlinger v. United States*, 602 U.S. 821, 834 (2024). That is the case here, where Movant admitted the facts establishing that he began firing a handgun during the attempted robbery, striking three employees, and that his attempted federal bank robbery was a crime of violence. CR ECF No. 39 at 3. He also admitted

4

that he faced a term of imprisonment for a period not less than ten years and up to life. *Id.* at 1. Movant testified under oath that he had read, understood, and discussed the factual resume with counsel before signing it. CR ECF No. 85 at 18. Thus, his constitutional rights were not violated. *See United States v. Yancy*, 725 F.3d 596, 599–600 (6th Cir. 2013) (movant admitted facts establishing brandishing with full knowledge of the potential effect on his sentence); *United States v. Potter*, Crim. No. 13-141, 2015 WL 3486446, at *5 (E.D. La. June 1, 2015) (*Alleyne* does not apply where defendant admitted the factual basis that increased his sentencing exposure); *United States v. Washington*, No. H-13-3624, 2015 WL 418134, at *6 (S.D. Tex. Jan. 30, 2015) (same).

In support of his second ground, Movant argues that he received ineffective assistance on appeal because his counsel failed to raise his *Apprendi/Alleyne* argument discussed in ground one. ECF No. 2 at 1–2. That argument is without merit; therefore, counsel cannot have rendered ineffective assistance in failing to raise it. *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999). Movant also complains that counsel failed to argue that his sentence was substantively unreasonable. ECF No. 2 at 1–2. He fails to show, however, that the raising of such an argument would have resulted in a different outcome. *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000). Counsel has no duty to raise every nonfrivolous issue. *Jones v. Barnes*, 463 U.S. 745, 754 (1983); *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). Rather, appellate counsel renders effective assistance by selecting the most promising issues for review. *Jones*, 463 U.S. at 752–53. That is what happened here. *See* ECF No. 5 at 8–9 (explaining why a substantive reasonableness argument would not have been as strong as the issues presented on appeal).

Movant recognizes that his third ground, alleging that attempted bank robbery is no longer a crime of violence, is barred by circuit precedent. ECF No. 2 at 2; ECF No. 8 at 2–3. *See United States v. Bellew*, 369 F.3d 450, 454 (5th Cir. 2004) (no relevant distinction between bank robbery and attempted bank robbery). In fact, the Fifth Circuit considered the issue in his case, noting that 18 U.S.C. § 2113(a) defines attempted and completed bank robbery as forms of a single offense that

5

necessarily involves the actual use of force or intimidation. Further, it constitutes a crime of violence because even in its least culpable form it must involve at least an implicit threat to use force. *Taylor*, 2023 WL 4118572, at *1. Having raised the issue on appeal, Movant cannot pursue it here. *Moore*, 598 F.2d at 441.

## CONCLUSION

For the reasons discussed, Movant's motion is **DENIED**.

Further, for the reasons discussed herein, pursuant to 28 U.S.C. § 2553(c), a certificate of appealability is **DENIED**.

**SO ORDERED** on this **3rd day of December 2024.**

_____
MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE